UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YONTIM BEY Authorized Representative Natural Person, In Propia Persona, Sui Juris, ) ) ) Plaintiff, ) ) vs. ) ) ANDREW KOSSACK Commissioner, ) ROBERT E. DITTMER D. Commissioner, ) INDIANA DEPARTMENT OF REVENUE, ) ) Defendants. ) _____ ) ) ANTHONY J. MINNEY Ex. Relatione, ) ) Relator. ) ) | No. 1:17-cv-00315-TWP-TAB |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

This Matter is before the Court on Plaintiff Yontim Bey's Motion for Leave to Proceed *in forma pauperis* and for screening. The Plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 2] is **granted**.

As stated above, the matter is now subject to screening. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed *in forma pauperis*, before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The caption of the complaint states that the Plaintiff is suing the Commissioner and Deputy Commissioner of the Indiana Department of Revenue for "Felonies, High Crimes and Misdemeanors" pursuant to 18 U.S.C. § 4, and the Federal Rules of Criminal Procedure. In

addition the complaint is framed as a "demand for resolution of dispute in commercial law." In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 23, 32–33 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Giving the complaint liberal construction, the Court is unable discern within it any plausible federal claim against any defendant. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented

with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

To the extent plaintiff Yontim Bey is claiming to be a "sovereign citizen" or "natural person" not subject to the laws of Indiana or the United States, the Seventh Circuit Court of Appeals has found that such a claim is "shop worn" and "frivolous." *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *see El v. AmeriCredit Financial Services, Inc.*, 710 F.3d 748, 750–751 (7th Cir. 2013); *Blake–Bey v. Cook County, Ill.*, 438 Fed. Appx. 522, at *1 (7th Cir. Nov. 23, 2011) (suit properly dismissed as frivolous where plaintiffs, adherents of Moorish Science Temple of America, alleged that they were citizens of Moroccan Empire not subject to the laws of Illinois); *United States v. Toader*, 409 Fed. Appx. 9, at *13 (7th Cir. Nov. 24, 2010) (rejecting argument that court lacked jurisdiction over defendant claiming to be "Native Asiatic Moorish National Citizen" since laws of the United States "apply to all persons within its borders").

To the extent this action is understood to be a criminal complaint, the complaint must also be dismissed on this bases. Only the United States may commence federal criminal charges and a private individual has no right to compel such a prosecution. *See Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring)), *cert denied*, 502 U.S. 1035 (1992).

After review of the complaint and supporting materials it appears that this action arises out of the plaintiff's tax dispute with the State of Indiana. The "commercial affidavits" titled "The Moorish National Republic, Moorish Divine and National Movement of the World" and attached to the complaint, purport to be legal notices and demand. *See* Dkts. 1-1 to 1-5. However, the Seventh Circuit has affirmed that these types of documents are not legally binding. The

Defendants' failure to respond to the Plaintiff's "complainant/affiant" did not create a contractual default. These affidavits do not reflect that the Defendants have admitted to and acquiesced to the crimes alleged in the complaint. These "crimes" include: malfeasance of office, slavery, treason, fraud, extortion, grand theft, robbery, false documents, conspiracy, and racketeering. The complaint also states that these crimes are alleged "in the overall context of the Bankruptcy of the United States." Dkt. 1 at p. 7. Similar theories based on the bankruptcy of the United States "have been universally and emphatically rejected by numerous federal courts for at least the last 25 years." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (discussing Redemptionist, vapor money and unlawful money theories and citing numerous cases).

Plaintiff's claims in this case are not recognizable and thus are considered frivolous. Under these circumstances, the Plaintiff is unable to amend his complaint to correct the deficiencies noted. In addition, Plaintiff may not file a criminal complaint against the Defendants and he is not entitled to any relief based on the defendants' failure to respond to the affidavits attached to the Complaint. For the reasons explained above, the complaint fails to survive the screening required by § 1915(e) because it fails to contain a legally viable claim against the defendants. Given the nature of the claims no opportunity to amend is warranted.

Judgment consistent with this Entry shall now issue.

Date: 2/3/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

YONTIM BEY
8428 Clayhurst Drive
Indianapolis, IN 46205